JOHN SILVERSTRIM, Appellant, v. ATLANTIC STATES GAS COMPANY, INC., Respondent.

Third Department, March 6, 1946.

*Thomas M. Losie* and *Gaylord Riggs,* attorneys (*Gaylord Riggs* of counsel), for appellant.

*Kramer, Night & Wales,* attorneys (*Donald W. Kramer* of counsel), for respondent.

FOSTER, J. This is an appeal from a judgment of nonsuit dismissing the complaint herein.

Appellant's house was damaged by an explosion of artificial gas. The respondent corporation is the successor of the Mohawk Gas Company, which installed a liquid gas plant on appellant's premises. The complaint in this case was laid in

negligence and liability against the respondent was sought on the theory that the plant was improperly installed and not kept in a proper condition under the terms of the contract which provided for its installation. Appellant was nonsuited on the ground that he had failed to prove that the gas which caused the explosion leaked from any part of the equipment under respondent's control. The trial court held that the doctrine of *res ipsa loquitur* did not apply.

The jury could find from the testimony of the tenants, and we must assume as a fact, that all of the gas jets on the gas appliances within the house were turned off at the time of the explosion. Also that there was an excess of gas beyond that shown by the meter reading after the explosion, which had apparently passed from the tank before the explosion. The jury could also find that the pipe lines, joints and other pieces of equipment within the house and under the control of the respondent were free from defects. It was possible, therefore, for the jury to draw as a fair inference that a large part of the explosive gas came from a leak outside the dwelling and in the pipe line that ran from the tank to the cellar wall, and followed the pipe line to escape into the cellar, especially so in view of the fact that this pipe line had not been inspected for over six years.

The proof as a whole does not give a complete and accurate picture of the installation and the manner in which it operated, but in view of the foregoing facts, and the inferences that may logically be drawn therefrom, we think it was error to dismiss the complaint. The judgment of nonsuit should be reversed, the complaint reinstated and a new trial directed, with costs to abide the event.

HEFFERNAN, J. (dissenting). I dissent and vote to affirm the judgment and orders under review.

I am unable to find in this record any proof of defendant's negligence. The doctrine of *res ipsa loquitor* is not applicable. In reversing the determination of the court below this court is doing precisely what the Trial Judge properly refused to permit the jury to do — namely, indulge in speculation and surmise.

HILL, P. J., BREWSTER and LAWRENCE, JJ., concur with FOSTER, J.; HEFFERNAN, J., dissents in memorandum.

Judgment reversed, complaint reinstated and a new trial directed, with costs to abide the event.